UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT J. SOILEAU, JR. | *CIVIL NO. 6:14-3472 |
| VERSUS | *JUDGE DOHERTY |
| CROWN OILFIELD CONSTRUCTION & MARINE, LLC | *MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the defendant's Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) [rec. doc. 3].  By this Motion, the defendant, Crown Oilfield Construction & Marine, LLC ("Crown") seeks dismissal of plaintiff, Robert J. Soileau, Jr.'s ("Soileau") claims under 45 U.S.C. § 60 for compensatory damages, punitive damages and attorney's fees for Crown's alleged violation of the statute.

For those reasons set out below, it is recommended that the Motion to Dismiss be **granted** and, accordingly, that plaintiff's independent claims for compensatory damages, punitive damages and attorney's under 45 U.S.C. § 60 be dismissed, reserving the plaintiff's right to argue that evidence of the statutory violation is proper in connection with his claim for punitive damages under the general maritime law for Crown's alleged failures to comply with its maintenance and cure obligations.

### BACKGROUND

Soileau filed the instant lawsuit alleging claims under the general maritime law for maintenance and cure [rec. doc. 1, ¶ 8] and for compensatory damages, punitive damages and

attorney's fees for the alleged arbitrary refusal and/or callous failure to provide maintenance and cure and to reasonably investigate plaintiff's maintenance and cure claims. [*Id*. at ¶ 9 (a), (b) and (c)]. Soileau also asserted an independent claim under 45 U.S.C. § 60 for the alleged "willful, wanton and callous violation" of the statute by Crown "in enforcing its policies, practices, procedures, rules, and/or devices employed to prevent its employees from furnishing voluntary information to [Soileau] and his representatives of the facts incident to the injuries sustained by [Soileau] in his efforts to investigate his claims for maintenance and cure." [*Id*. at ¶ 9 (d)].

By Amended Complaint, Soileau adds claims for compensatory damages under the Jones Act and general maritime law for negligence and unseaworthiness of the pushboat, the M/V MISS KATELYN, allegedly ownded and operated by Crown, to which Soileau was allegedly permanently assigned when he sustained his alleged injuries. [rec. doc. 7].

### Rule 12(b)(6) Motion to Dismiss Standard

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). In other words, a motion to dismiss an action for failure to state a

claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming,* 281 F.3d at 161-162 *quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Generally, this Court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) *quoting Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014).

Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555; *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Stated differently, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombley,* 127 S.Ct. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 at fn. 27 (5th Cir. 2009). If a plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombley,* 127 S.Ct. at 1974; *Malik v. Continental Airlines, Inc.*, 305 Fed. Appx. 165, 167 (5th Cir. 2008); *Mitchell v. Johnson*, 2008 WL 3244283, *2 (5th Cir. 2008).

## LAW AND ANALYSIS

Title 45 U.S.C. § 60 of the Federal Employers' Liability Act ("FELA") voids any "contract, rule, regulation, or device . . . the purpose, intent, or effect of which [is] to prevent

3

employees . . . from furnishing voluntary information [about] the facts incident to the injury . . . of any employee." *Mayon v. Southern Pacific Transportation Co.*, 805 F.2d 1250, 1252-1253 (5th Cir. 1986).  Section 60 also provides criminal penalties against "whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, . . . prevent[s] any person from furnishing voluntarily . . . information to [a FELA plaintiff]" or "discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily . . . information to [a FELA plaintiff]" about "the facts incident to [a FELA plaintiff's] injury or death. . . ."  Thus, § 60 makes it illegal for "a railroad to retaliate against an employee who helps or testifies for a *co-worker* in the *co-worker's* FELA claim." *Mayon,* 805 F.2d at 1253 (emphasis in original).

Section 60 does not expressly provide a private right of action to a FELA plaintiff to recover compensatory damages, punitive damages, or attorney's fees for alleged violations of the section.[1]  To the contrary, § 60 is a criminal statute designed to protect FELA witnesses from retaliation.[2]  However, to preserve the efficacy of the criminal prohibition, the Fifth

---

[1] Indeed, Courts which have considered this provision have concluded that an employee's filing of his own FELA claim with his employer does not constitute the voluntary furnishing of information to a person in interest about an employee's injury, within the meaning § 60.  *See Shrader v. CSX Transporation, Inc*., 70 F.3d 255, 258 (2nd Cir. 1995) *citing  Bielicke v. Terminal R.R. Ass'n,* 30 F.3d 877, 878 (7th Cir. 1994)*,  Lewy v. Southern Pac. Transp. Co.,* 799 F.2d 1281, 1293 (9th Cir. 1986), *Gonzalez v. Southern Pac. Transp. Co.,* 773 F.2d 637, 644 (5th  Cir. 1985) and *Landfried v. Terminal R.R. Ass'n,* 721 F.2d 254, 256 (8th  Cir. 1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984).

[2] Section 60 "was enacted to 'permit those who have information concerning the facts and circumstances of a personal injury to give statements to the injured employee or his dependents, or to someone authorized to represent him or them.'" *Shrader*, 70 F.3d at 258 *citing* S.Rep. No. 661, 76th Cong., 1st  Sess. 5 (1939).  "The enacting legislators' concern was that employers might be able to prevent employees from testifying on behalf of their co-workers when the precise circumstances of an accident were disputed." *Id. citing*   S.Rep. No. 661, 76th  Cong., 1st  Sess. 5 (1939) and H.R.Rep. No. 1422, 76th Cong., 1st  Sess. 2 (1939).  "Hence, they made retaliation in such instances a crime, while at the same time relying on the procedures established under the RLA as the sole method of protecting an employee from

Circuit has recognized a very narrow right to civil relief, that is, an implied action by a FELA witness for an injunction in which an equitable award of back pay may be granted. *Hendley v. Central of Georgia Railroad Co.*, 609 F.2d 1146 (5th Cir. 1980); *Gonzalez v. Southern Pac. Transp. Co.*, 773 F.2d 637, 641 (5th Cir. 1985); *see also Hornsby v. St. Louis Southwestern Railway Co.*, 963 F.2d 1130, 1132-1133 (8th Cir. 1992) (finding a jury trial was properly denied because the only basis for relief asserted was § 60, a criminal provision designed to protect FELA witnesses from retaliation by their employers, and that the criminal prohibition was effectuated in the civil context by injunctive or equitable rather than legal relief.); *Lewy v. Southern Pac. Transp. Co.*, 799 F.2d 1281, 1293 (9th Cir. 1986) ( "[A]t most, [section 60] appears to authorize courts to exercise equitable jurisdiction over retaliation claims, and thus to award back pay, but not additional money damages."); *Nelson v. SOO Line Railroad Co.*, 58 F.Supp.2d 1023, 1026 (D. Minn. 1999) (finding that § 60 does not support a legal damages claim); *Foster v. Soo Line Railroad Co.*, 48 F.Supp.2d 892, 894-896 (D. Minn. 1999) (same). The award of back pay in such cases is therefore "essential to effectuate the purpose of the section." *Hendley*, 609 F.2d at 1152; *Gonzalez*, 773 F.3d at 641.

    In this case, Soileau is not a FELA witness. Moreover, Soileau does not invoke this Court's equitable jurisdiction; he does not seek an injunction or equitable relief. To the contrary, he asserts an independent cause of action for damages and attorney's fees under the statute. The undersigned finds no authority for such an expansive reading of the statute.

---

discharge in retaliation for the filing of his or her own accident report." *Id. citing Mayon*, 805 F.2d at 1252–53.

Rather, the jurisprudence and legislative history of the statute cited above suggests the opposite.  Indeed, Courts have expressly held that "section 60 does not create a private cause of action for compensatory damages" *Hornsby*, 963 F.2d at 1132-1133 *citing Lewy*, 799 F.2d at 1293 ( "[A]t most, [section 60] appears to authorize courts to exercise equitable jurisdiction over retaliation claims, and thus to award back pay, but not additional money damages." ). Accordingly, the undersigned recommends that Crown's Motion to Dismiss plaintiff's independent claims for compensatory damages, punitive damages and attorney's fees under § 60 be granted.

Furthermore, even if an independent cause of action for damages existed under § 60, which the undersigned has not found, punitive damages are not recoverable under the statute. As pointed out by Crown, punitive damages are not recoverable under FELA, and by extension, are not recoverable under the Jones Act, which adopted the provisions of the FELA as the predicate for liability and damages to seamen.  *McBride v. Estis Well Service, LLC,* 768 F.3d 382, 387-389 (5th Cir. 2014).  Thus, any claim for punitive damages under § 60 would be subject to dismissal, separate and apart from any such independent action.

Although § 60 does not create an independent cause of action for compensatory damages, punitive damages or attorney's fees for Crown's alleged violation of the statute, that does not end this Court's inquiry. Soileau has also asserted a claim for punitive damages for Crown's alleged failures to comply with its maintenance and cure obligations under the general maritime law.  It is well settled that a seaman may seek punitive damages for his employer's alleged willful and wanton disregard of its maintenance and cure obligations.  *Atlantic*

*Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561 (2009). Therefore, to the extent that Soileau may wish to argue that presentation of evidence of the § 60 statutory violation is proper in connection with this claim, his right should be preserved. Any objections to such evidence may be taken up by appropriate pre-trial motion or at the time that such evidence is offered at trial.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the Motion to Dismiss [rec. doc. 3] be **granted** and, accordingly, that plaintiff's independent claims for compensatory damages, punitive damages and attorney's under 45 U.S.C. § 60 be **dismissed**, reserving the plaintiff's right to argue that evidence of the statutory violation is proper in connection with his claim for punitive damages under the general maritime law for Crown's alleged failures to comply with its maintenance and cure obligations.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings**

**or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 8th day of April, 2015, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE